IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: MARGARET M. BOYCE | : | CIVIL ACTION |
| | : | |
| | : | NO. 07-3454 |

### MEMORANDUM

**Kauffman, J.**                                                                                                        **June 16 , 2009**

Now before the Court are the appeals of Margaret M. Boyce ("Debtor") to three Orders of the United States Bankruptcy Court for the Eastern District of Pennsylvania. Debtor first appeals the Bankruptcy Court's July 19, 2007 Order (the "July 19 Order"), which denied reconsideration of a previous Bankruptcy Court Order that awarded fees (the "Fee Order") to the trustee, Lawrence Lichtenstein ("Trustee"). Debtor also appeals the Bankruptcy Court's August 1, 2007 Order (the "August 1 Order"), which denied her leave to appeal the Fee Order. She further appeals the Bankruptcy Court's August 13, 2007 Order (the "August 13 Order"), which denied reconsideration of the August 1 Order.

### I.    BACKGROUND

Given the lengthy factual background, the Court will refer only to those facts relevant to the disposition of this appeal.[1] On January 4, 2000, Debtor, a Pennsylvania attorney since 1970, filed a pro se voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code in the Bankruptcy Court for the Eastern District of Pennsylvania. As Debtor's Chapter 7

---

[1] A more detailed recitation of the facts can be found in In re Boyce, 2006 U.S. Dist. LEXIS 78680 (E.D. Pa. Oct. 26, 2006).

1

bankruptcy case continued, most of her creditors' claims were either settled or disallowed. Eventually, the only claims that remained were a claim filed by the interim trustee and claims for the administrative expenses filed by the Trustee and Ciardi, Maschmeyer & Karalis, P.C. ("CMK"), the law firm retained by the Trustee.

On March 16, 2007, the Honorable Bruce Fox issued an Order scheduling a status hearing for April 11, 2007. The Order was served on Debtor at her address of record in Lafayette Hill, PA (the "Lafayette Hill address," "wrong address," or "old address") by the Clerk of Court, and a courtesy copy was sent to that address by Judge Fox's Chambers. R. at tab 3.[2] At some time before the scheduled status hearing date, Debtor sent an undated request for a continuance directly to Judge Fox's Chambers.[3] See Appellant Br. at Ex. B; R. at tab 4, n.1. In addition to her request for a continuance of the hearing, Debtor also explained that she had received the status hearing notice at an address where she no longer received mail and that the forwarding order to her new address had expired. See Appellant Br. at Ex. B. She further requested that "[m]ail should be forwarded" to her at an address in Conshohocken, PA ("Conshohocken address" or "correct address"). Id.

On April 4, 2007, Judge Fox issued an Order (the "April 4 Order") canceling the status hearing and providing that an audit hearing on the Trustee's final report would be scheduled. See R. at tab 10. Judge Fox then sent a courtesy copy of the April 4 Order to the Conshohocken

---

[2] The Record is not stamped with page numbers.

[3] Notably, receipt of Debtor's continuance request is not reflected in the Bankruptcy Court's docket. Further, the copy submitted for this Court's review is not stamped as received by the Clerk of the Court, does not reflect a docket number, and is not accompanied by a certificate of service on the Trustee.

address.  R. at tab 8.  However, Debtor's address of record, the Lafayette Hill address, remained unchanged, and the Clerk of Court served Debtor at her address of record.  R. at tab 5, docket no. 239.

On May 23, 2007, the Trustee filed a "Final Audit Notice" (the "Notice") stating that a hearing on the final audit would be held June 27, 2007.  The Notice was served on all creditors and parties in interest, including Debtor at her address of record.[4]  R. at tab 5, docket no. 243.  Debtor did not attend the June 27 hearing, nor did she file any objection to Trustee's proposed commissions and expenses.  R. at tab 3.  On June 28, 2007, Judge Fox entered a Fee Order granting Trustee's application for compensation.  R. at tab 7.  The Clerk of Court then served the Fee Order on Debtor at the Lafayette Hill address.  Id.

On July 16, 2007, Debtor filed an objection to the Fee Order, claiming that she was unaware of any proceedings before the Bankruptcy Court and that she had not received a copy of the Fee Order until July 12, 2007.  R. at tab 7.  In his July 19 Order, Judge Fox denied Debtor's objections to the Fee Order as untimely.  Id.  He found that Debtor's address of record had been last changed to the Lafayette Hill address in 2003 and that no subsequent request to change her address had been made.  Because Trustee served notice of the final audit hearing at Debtor's last address of record, and because Judge Fox had sent a courtesy copy of the April 4 Order to her Conshohocken address informing her that the Trustee had submitted his final report and a final audit hearing would be scheduled soon, Debtor knew or should have known that her bankruptcy case was active.

---

[4]  The Notice included the amount the Trustee was seeking in commissions and expenses.

On July 27, 2007, Debtor filed both a Notice of Appeal to this Court, appealing the July 19 Order, R. at tab 1, as well as an addendum to her July 16 objection requesting leave to appeal nunc pro tunc on the grounds that she had "advised the Court that mail should be forwarded" to the Conshohocken address and that Trustee was aware of Debtor's Conshohocken address.  R. at tab 8.  In his August 1 Order, interpreting Debtor's request for leave to appeal nunc pro tunc as a motion to extend the time for filing a notice of appeal to the Fee Order, Judge Fox denied Debtor's addendum to her original objection.  Judge Fox found that Debtor's motions did not establish the requisite showing of excusable neglect necessary for a bankruptcy judge to extend the ten-day deadline for filing a notice of appeal, on the grounds that Debtor failed to properly communicate her correct address to the Clerk of the Court and that a party's failure to receive notice of the entry of an order does not constitute excusable neglect.  R. at tab 4.

On August 9, 2007, Debtor filed both an amendment to her Notice of Appeal to this Court to include the August 1 Order, R. at tab 2, and a motion to reconsider the August 1 Order in the Bankruptcy Court.  R. at tab 11.  In her motion to reconsider, Debtor asserted that in 2004 her typist sent a letter to the Clerk of Bankruptcy Court requesting that the Court's records be amended to reflect an updated address at a post office box in Lafayette Hill, PA ("P.O. Box address"), that the Clerk failed to make the requested change to her address of record, and that because she "did comply with the rules by advising the Clerk," her lack of notice of the hearing and the untimeliness of her appeal of the Fee Order were due to excusable neglect.  Id.  In his August 13 Order, Judge Fox denied Debtor's motion for reconsideration as untimely, and did not consider whether Debtor's new evidence of the 2004 letter to the Clerk constituted excusable neglect.  R. at tab 12.  On September 10, 2007, Debtor filed a second amendment to the Notice of

Appeal to include all of Judge Fox's Orders.

**II.    LEGAL STANDARD**

The Court has jurisdiction to hear an appeal from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a).  On appeal, a district court may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree; or remand with instructions for further proceedings.  Fed. R. Bankr. P. 8013.  A district court must accept the bankruptcy court's factual determinations unless they are clearly erroneous.  In re Morrissey, 717 F.2d 100, 104 (3d Cir. 1983).  A factual determination must be accepted unless it is either "completely devoid of minimum evidentiary support" or "bears no rational relationship to the supportive evidentiary data."  Hoots v. Pennsylvania, 703 F.2d 722, 725 (3d Cir. 1983).  The review of issues of law is plenary.  See Jones v. Chemetron Corp., 212 F.3d 199, 204-05 (3d Cir. 2000).  Decisions which involve the exercise of discretion are reviewed for abuse of discretion.  See In re Myers, 334 B.R. 136, 142 (E.D. Pa. 2005).

A district court's review of a bankruptcy court's denial of motions for reconsideration pursuant to Fed. R. Civ. P. 59(e) and 60(b) are reviewed for abuse of discretion.  See McDowell v. Phila. Hous. Auth., 423 F.3d 233, 238 (3d Cir. 2005) (denial of Rule 59(e) motion); Brown v. Phila. Hous. Auth., 350 F.3d 338, 342 (3d Cir. 2003) (denial of Rule 60(b) motion).  "An abuse of discretion may occur as a result of an errant conclusion of law, an improper application of law to fact, or a clearly erroneous finding of fact."  McDowell, 423 F.3d at 238.  A decision constitutes an abuse of discretion only when no reasonable person could agree with it.  Rode v. Dellarciprete, 892 F.2d 1177, 1182 (3d Cir. 1990).

## III. ANALYSIS

Debtor contends that the Bankruptcy Court committed reversible error when it denied her objections to the Fee Order on timeliness grounds. She first argues that the Bankruptcy Court's Fee Order should have been deemed void because the Trustee's audit hearing notice and the Bankruptcy Court's Fee Order were sent to her old address, thus denying her adequate notice. She further asserts that the Bankruptcy Court should have granted her leave to file a Notice of Appeal to the Fee Order out of time on the basis of excusable neglect. Finally, Debtor argues that the Bankruptcy Court should have considered newly submitted evidence of a prior change of address request.

### A. Lack of Notice (July 19 and August 1 Orders)

Debtor asserts that the Fee Order is void because she was denied due process when she failed to receive notice of Trustee's audit hearing notice and the Bankruptcy Court's Fee Order. When determining if proper notice has been provided pursuant to the requirements of the Due Process Clause, a court must examine whether the notice was "'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" United States v. One Toshiba Color TV, 213 F.3d 147, 149 (3d Cir. 2000) (quoting Mullane v. Cent. Hanover Bank & Trust, Co., 339 U.S. 306, 314 (1950)). Failure to provide adequate notice may raise due process issues that would render a judgment void. See In re J & L Structural, Inc., 313 B.R. 382, 388 (W.D. Pa. 2004) (citing One Toshiba Color TV, 213 F.3d at 156). "Where notice is sent to the address listed by the Debtor in his petition, due process is satisfied." In re Banks, 204 F. App'x 141, 143 (3d Cir. 2006) (quoting In re Villarreal, 304 B.R. 882, 886 (B.A.P. 8th Cir. 2004)). Pursuant to Rule 4002(a) of

the Federal Rules of Bankruptcy Procedure, when a Debtor changes the address listed in her petition, she must "file a statement of any change of the debtor's address." The Local Bankruptcy Rules of the U.S. Bankruptcy Court for the Eastern District of Pennsylvania further require that:

> Any attorney . . . shall advise the clerk of any change of address of the attorney's office, or a change of address of the entity on whose behalf the attorney has made an entry of appearance, by filing with the clerk a Request to Note Change of Address which shall request that the clerk note the change of address on the bankruptcy court docket and the Clerk's Service List . . . . An attorney who files a request [for change of address] shall mail a copy of the request to any trustee in the case and to any attorney who has entered an appearance in an adversary proceeding . . . at the time the above request is filed with the clerk.

2008 L.B.R. 9010-1(d)-(e). Therefore, "[t]he debtor who fails to keep the court apprised of his proper mailing address has only himself to blame." In re Banks, 204 F. App'x at 143 (quoting In re Davis, 275 B.R. 864, 867 (B.A.P. 8th Cir. 2002)).

The Court finds that the Bankruptcy Court applied the correct legal standard and did not abuse its discretion. The address listed as Debtor's address of record on the Bankruptcy Court case docket during the relevant period was the Lafayette Hill address. See R. at tab 5. Both the Clerk of the Court and the Trustee sent all mailings to Debtor at her address of record, providing adequate notice and satisfying due process requirements. Debtor argues that she informed the Bankruptcy Court that her old address was an improper address when she sent a hearing continuance request directly to Judge Fox that included a secondary request that "[m]ail should

be forwarded" to her current address. However, this attempt to request a change of address failed to follow the procedural rules, established in part for the benefit of the Debtor, so that the Bankruptcy Court and her opposition may provide notice and service to her at her correct location. Because Debtor made nothing more than a superficial attempt to keep the Court apprised of the address where she could receive notice, and did not "file a statement of any change of the debtor's address" as the Rules require, she only has herself to blame for not receiving actual notice.

Debtor avers that "[a]s a pro se litigant, albeit an attorney, Boyce was not a bankruptcy lawyer, and, as Judge Fox noted on numerous occasions, Boyce was unfamiliar with Bankruptcy Rules and procedures." Appellant Br. 14. However, procedural requirements to update one's address during a court proceeding are not unique to Bankruptcy Court. In fact, the Record shows that Debtor did know the proper manner in which to notify the Court of a change of address: she had twice previously filed statements of address change with the Clerk of the Court, in 2002 and 2003, which included the Name of Record Margaret M. Boyce and the case number to which the change of address should apply. See R. at tab 5, docket no. 160, 203.

Debtor also argues that because Judge Fox was aware that she no longer received mail at the old address, Judge Fox is at fault for failing to forward a copy of the Fee Order to her current address as requested. See Appellant Br. 14. This argument is meritless. The Rules, of which Debtor was well aware, specifically state that the Debtor must contact the Clerk, not the judge, regarding change of address requests. Similarly, Debtor faults the Trustee for having knowledge of Debtor's Conshohocken address and P.O. Box address but failing to send the audit hearing notice to either one. Appellant Br. 18. Although Debtor never asserts that she had informed

Trustee that she no longer received mail at her old address, she essentially blames the Trustee for failing to determine whether she could still receive mail at her address of record. Appellant Br. 19. It is unreasonable to expect the Trustee to have known that Debtor no longer received mail at her address of record.

Because Debtor failed to properly file a statement of change of address with the Clerk of the Court upon discovering that she was not receiving Bankruptcy Court mail at her current address in 2007, any failure to receive notice is her fault alone. Accordingly, the Court finds that Debtor was not denied due process and that the Bankruptcy Court did not apply an incorrect legal standard nor did it abuse its discretion when holding that Debtor had received proper notice.

**B.     Excusable Neglect (July 19 and August 1 Orders)**

Debtor argues that the Bankruptcy Court should have granted her leave to file a Notice of Appeal to the Fee Order out of time on the basis of excusable neglect because the Fee Order was sent to the wrong address and she did not receive a copy with sufficient time to appeal. Pursuant to Rule 8002 of the Federal Rules of Bankruptcy Procedure, a party appealing a Bankruptcy Court ruling must file a notice of appeal within ten days of the entry of the judgment or order being appealed. The Bankruptcy Court may extend the time for filing a notice of appeal by an additional twenty days from the expiration of the original ten-day deadline upon a showing of excusable neglect. See Fed. R. Bankr. P. 8002(c). "The determination [of what types of neglect will be considered 'excusable'] is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the

movant acted in good faith." Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993) (footnote and citations omitted).[5]

The Bankruptcy Court concluded that there was no excusable neglect because "notice of the trustee's request for an award of commissions and fees, notice of the hearing thereon, and notice of the June 28th order, were all sent to the address provided to the clerk of court by the debtor and placed on the court docket." R. at tab 4. While the Court agrees that Debtor's late objections were foreseeable, easily preventable, and her own fault, the Bankruptcy Court did not examine the three other Pioneer factors in its determination that Debtor's neglect was inexcusable. Accordingly, the August 1 Order will be vacated and the case remanded to the Bankruptcy Court with direction to evaluate Debtor's excusable neglect arguments pursuant to the standard set forth in Pioneer.

    C.    **Excluded Evidence (August 13 Order)**

Debtor also contends that the Bankruptcy Court's August 13 Order denying her "Motion for Reconsideration of Order of August 1, 2007" was also reversible error. Debtor does not state any grounds for her appeal of the August 13 Order, which denied hearing new evidence that Debtor first tried to change her address almost three years earlier on July 16, 2004, when she had her typist send a letter to the Bankruptcy Clerk requesting an address change to her P.O. Box

---

[5] Although the Pioneer Court was considering the excusable neglect provision of Fed. R. Bankr. P. 9006(b)(1), several courts in the Third Circuit have held that the Pioneer standard of excusable neglect applies to Fed. R. Bankr. P. 8002(c) as well. See, e.g., Shareholders v. Sound Radio, 109 F.3d 873, 879 (3d Cir. 1997); Fryer v. Enter. Bank, 2006 U.S. Dist. LEXIS 81001, at *13 (W.D. Pa. Oct. 23, 2006) ("As a legal matter . . . the application of the Pioneer factors to Rule 8002(c)(2) was appropriate."); In re Global Indus. Techs., 2006 U.S. Dist. LEXIS 29692, at *8-9 (W.D. Pa. May 4, 2006) (vacating the bankruptcy court's order when it did not analyze the Pioneer factors).

address.  R. at tab 11.  Trustee argues that the Court lacks jurisdiction to hear this appeal because Debtor's filing of her Amended Notice of Appeal was untimely.

"[F]ailure to file timely notice within the meaning of Bankruptcy Rule 8002 is indeed a jurisdictional defect barring appellate review." In re Universal Minerals, Inc., 755 F.2d 309, 310 (3d Cir. 1985).  Bankruptcy Rule 8002(b) states, in relevant part:

> Appellate review of an order disposing of any [motions to amend or alter judgment] requires the party, in compliance with Rule 8001, to amend a previously filed notice of appeal.  A party intending to challenge an alteration or amendment of the judgment, order, or decree shall file a notice, or an amended notice, of appeal within the time prescribed by this Rule 8002 measured from the entry of the order disposing of the last such motion outstanding.

In the instant case, the ten-day period for filing a notice of appeal, as prescribed in Rule 8002(a), began on August 13, 2007.  Although Debtor avers that she filed an amendment to the Notice of Appeal on August 13, 2007, see Appellant Br. at 15, a review of the docket shows that Debtor did not actually file an amendment until September 10, 2007.  See Bankr. Ct. docket no. 265.  Because Debtor failed to make the required amendment to her Notice of Appeal within the ten-day period prescribed by Bankruptcy Rule 8002(a), and because the Record does not reflect that she made a showing of excusable neglect entitling her to request a twenty-day extension pursuant to Bankruptcy Rule 8002(c), the Court lacks jurisdiction to consider the Debtor's appeal of the August 13 Order.

## IV.   CONCLUSION

For the foregoing reasons, the judgment of the Bankruptcy Court dated July 19 will be affirmed, and the case is remanded to the Bankruptcy Court for proceedings consistent with this Opinion.  An appropriate Order follows.

IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: MARGARET M. BOYCE | : | CIVIL ACTION |
| | : | |
| | : | NO. 07-3454 |

### ORDER

**AND NOW,** this      day of June, 2009, for the reasons stated in the accompanying Memorandum, it is **ORDERED** as follows:

(1)     the Order of the Bankruptcy Court dated July 19 is **AFFIRMED**;

(2)     Debtor's appeal of the Order of Bankruptcy Court dated August 13 is **DISMISSED** for lack of jurisdiction; and

(3)     this case is **REMANDED** to the Bankruptcy Court for proceedings consistent with the attached Opinion regarding the Order of the Bankruptcy Court dated August 1, 2007.

BY THE COURT:

_____

**BRUCE W. KAUFFMAN, J.**